292 So.2d 109

**Alex SMITH, Jr.**

**v.**

**The STATE of Alabama.**

**SC 692.**

Supreme Court of Alabama.

Feb. 14, 1974.

Rehearing Denied April 11, 1974.

Parker, Wilkinson & Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

FAULKNER, Justice.

In this case, it appears that if "voodoo dust" has any magical powers, and if the same had been obtained, a life may have been spared.

On June 7, 1973, Alvin Mason was shot by Alex Smith in the apartment of Donald Lee Wilburn, with a pistol. Mason died as a result of the wound. Smith was convicted of second degree murder by a Jefferson County jury. He was sentenced to 10 years in the State penitentiary. He appealed to the Court of Criminal Appeals. On January 25, 1973, the case was transferred to this court.

When Smith arrived at Wilburn's apartment, he found Mason there. Wilburn and Mason were drinking beer. Smith asked Wilburn why Mason was there. Wilburn answered that Mason "was my friend." Smith responded, " 'Well, I don't like him. Are you going to ask him to leave?' " Williams said, " 'I invited him over, and he is going to stay.' " Smith replied, " 'Something is going on.' " Mason then entered the conversation by saying, " 'Well, man, I am just Donald's friend, and I just stopped by, and we were having some beer.' " Smith said, " 'Hell, no. Something is going on.' " And then he announced that he was going down to some doctor on Fourth Avenue and get some voodoo dust and sprinkle it around the house, and if anything was going on he was going to get rid of it. Mason told Smith, " 'Well, look, man, why do you want to do this to me? I haven't done anything to you. Why do you dislike me?' " Smith said, " 'I just don't like you.' " Smith invited Mason to pick up a hammer which was on a table close by. Mason declined the invitation. Wilburn told them there would be no fighting and requested Mason to leave. Smith said, " 'No, he is not going anywhere.' " Smith left the room. Mason went to a hi-fi to play some records. Smith ordered him not to play any records. Wilburn told Smith that he would take Mason home. Smith said, "No, he isn't going anywhere. He is not going any damn where," and reached into his pocket and pulled a gun out. Mason ran for the door. Smith fired and hit Mason in the back. Wilburn found him lying face down on the sidewalk, and for him, "sic transit gloria mundi." Smith got in a car and drove off.

Evidence of the State showed that at no time did Mason threaten Smith; that Mason never had anything in his hand other than a cigarette. Smith claimed that Mason approached him with a hammer and under this factual situation Smith pleaded self defense.

Smith cites as a proposition of law that a defendant in a homicide prosecution has the right to have certain correct written charges submitted to the jury where they encompass the gravamen of the defense and are not fully covered by the court's oral charge. The defendant said he

**236**

was satisfied with the court's oral charge. We find that the court fully covered the issue of self defense in his oral charge. This being the case, there is no error in refusing a written requested charge on self defense. Nickerson v. State, 205 Ala. 684, 88 So. 905 (1921).

Smith next alleges error in a ruling by the trial court during the voir dire examination of the jury venire. The question to the venire was, "Have you accused anybody else of doing any particular wrong?" A member of the venire said, "Yes, sir. A guy pulled a gun on me." The district attorney objected when Smith wanted to show the details of the answer. The court sustained the objection.

Title 30, § 52, Code of Alabama, 1940, Recompiled 1958, provides,

"In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."

■■ As Smith points out in his brief, this court has said that the inquiry permitted under this section should be liberal and extend to any and all matters touching the qualifications, interest, or bias of prospective jurors. Dyer v. State, 241 Ala. 679, 4 So.2d 311 (1941). But, such right is to be exercised within the sound discretion of the court. Dyer, supra; Redus v. State, 243 Ala. 320, 9 So.2d 914 (1942); Rose v. Magro, 220 Ala. 120, 124 So. 296 (1929). In this case we cannot say that the trial court abused his discretion. The answer of the member of the venire was sufficient for counsel for the defendant to exercise his strike based on any probable prejudice the juror may have had for the defendant.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.