**UNITED STATES of America,**
**Plaintiff-Appellee,**
**v.**
**Robert DRAKE, Defendant-Appellant.**
**No. 73-1593.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 28, 1974.

Decided March 25, 1974.

David J. Colman, Bloomington, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KILEY, Senior Circuit Judge, and STEVENS, Circuit Judge.

SWYGERT, Chief Judge.

Defendant Robert Drake was indicted, tried by a jury, and convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He has appealed and we affirm.

I

Defendant contends that the trial court, after refusing to hear evidence, erred in denying his motion to exclude the entire jury panel for cause. His challenge is predicated on the length of the panel's service; the number and type of cases heard by the panel; exposure of the prosecutor and other members of the prosecutor's staff to the panel; and the prosecutor's familiarity with the panel.

After reviewing the record we see no merit in defendant's contention and hold that the trial court did not err in denying his motion.

The trial court, in confronting defendant's challenge as to the panel's length of service, noted that although they had "been *on call* for a number of months" (emphasis supplied), none of them had been required to serve as jurors in excess of the statutory period. 28 U.S.C. § 1866(e). Moreover, no offer of proof was made that the panel consisted of persons whose jury service exceeded the statutory limitation.

The record will not support the challenge that the jury panel was unable to give defendant a fair trial because of their exposure to the prosecutor or other members of the prosecutor's office during trials, and the cases previously heard by them. The trial judge stated that the panel's actual exposure to the prosecutor in this case had been on only two prior cases where "[t]he verdicts on three different counts contained in two indictments [had] been 'not guilty,' 'guilty,' and hung-jury." Additionally, the trial judge noted that during the time the panel had been on call they had served on only three criminal cases. We think that defendant's concern could have been remedied by questions during the voir dire examination since that is the appropriate time to ascertain the prospective jurors' ability to render a fair and impartial verdict.

We are unpersuaded by the challenge that the prosecutor had a familiarity with the panel which disadvantaged defendant. When permitted to make a record of the evidence he desired to offer, defense counsel stated that he wanted the prosecutor to take "the stand

and ask him the number of jurors that he had on the first trial that had reappeared on the second trial." As the trial judge correctly stated, this matter had "already been brought out by questioning the jurors themselves." Defense counsel also desired to question the prosecutor "if he had excused one juror." We find no prejudice to defendant in being unable to inquire as to the reason behind the prosecutor's peremptory challenge. Moreover, this is no basis to challenge the entire panel.

## II

Defendant next contends the trial court erred in denying his motion to poll and admonish the jury on grounds that a prosecution witness, seated at counsel table, commented to the prosecutor that defendant's alibi witness was "lying" in his testimony. It is asserted that defense counsel was informed the comments were overheard by courtroom spectators and since the prosecution witness was seated adjacent to the jury box there was "considerable probability" the jury also heard the comments. Defendant urges that only by polling the jury could the extent of the prejudice be determined.

This contention is compounded by the fact that defendant's alleged request to poll the jury is absent from the record. Defendant explains that this omission was the result of the court reporter's failure to perceive the comments or her inadvertence in transcribing the side bar conference. In this posture, F.R.App.P. 10(e) would have been the appropriate remedy since it provides for a dispute in the record to be submitted to the trial court for settlement. This procedure recognizes that it is impossible for an appellate court to properly make a determination if it must speculate about what occurred below.

■ Assuming *arguendo* that the defendant did request the jury be polled, as asserted in defense counsel's affidavit, we find that the trial judge ruled correctly. The trial judge was unaware of what was specifically said by the prosecution witness. During the side bar conference defense counsel merely revealed that, ". . . there were comments between the prosecutor and prosecution's witnesses which may have been overheard by the jury. We do not know the jury did actually overhear, but they were overheard in the back of the courtroom by some spectators . . . ." There was no direct evidence that the jury overheard the alleged comments. Defense counsel did not assert that he himself heard anything. The trial judge, in response to the defense counsel's request, did indicate that he would instruct the jury on the matter and subsequently did so through the following instruction which was not objected to by the defendant:

Sometimes, during the course of a trial, the persons seated at the counsel tables converse with each other in such a fashion that some parts of their conversations are audible to the jury . . . you should not consider . . . such . . . in arriving at your verdict herein.

We think this instruction was sufficient to cure any prejudice which may have emanated from the prosecution's table during the trial.

## III

Defendant's final contention is that prejudicial error was committed when the prosecutor made two factual statements in closing argument about defendant's alibi witness which were not in evidence. It is urged that these statements impeached the credibility of the witness upon whom the defendant's sole defense of alibi was based.

■ Defendant first objects to the prosecutor's argument that defendant's alibi witness had participated with defendant in a scheme "to defraud certain individuals" by selling sugar for heroin, and that he "openly admitted that he was ripping-off someone." Defendant's objection is grounded on the fact that the alibi witness testified he was neither involved in the "rip-off" sale nor was present. In response to defendant's

objection the trial judge indicated that if he disagreed with the prosecution he would have an opportunity to so argue on rebuttal. Subsequently, the prosecutor's statement was attacked as being inaccurate during defendant's closing argument. Additionally, there are facts in the record which support a reasonable inference that the alibi witness was involved in the "rip-off" sale.

Defendant also objects to the prosecutor's argument that the alibi witness had been convicted of a crime. After objection by defendant, the prosecutor, realizing his error, corrected himself by indicating his intent to make reference to defendant, who had, in fact, been previously convicted of a crime and not the alibi witness. Moreover, the court emphasized to the jury that a mistake had been made by the prosecutor and admonished them to disregard his erroneous reference to the alibi witness.

We conclude that the prosecutor did not commit prejudicial error in his closing argument.

The judgment of conviction is affirmed.