**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Raul MONTELONGO and Ignacio Montelongo, Defendants-Appellants.**

No. 74–1685.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1975.

John J. Pichinson, Corpus Christi, Tex., for R. Montelongo.

Charles W. Cromwell, Corpus Christi, Tex., Thomas G. Sharpe, Jr., Eduardo R. Rodriguez, Brownsville, Tex., for I. Montelongo.

Anthony J. P. Farris, U. S. Atty., Ellis C. McCullough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before RIVES, WISDOM and COLEMAN, Circuit Judges.

RIVES, Circuit Judge:

Ignacio Montelongo appeals from a judgment of conviction based on a jury verdict finding him guilty as charged in Counts 1 and 2 of a three-count indictment (No. 72–C–138 in the district court). Count 1 charged Ignacio, his brother Raul, and one Danny Lynn Staley with conspiracy to distribute "a quantity of marihuana." Count 2 charged Ignacio and Staley with *possession* with intent to distribute 422 grams of marihuana. Count 3 did not mention Ignacio, but charged Staley and Raul with *distributing* 422 grams of marihuana. Ignacio was sentenced to the custody of the Attorney General for two four-year terms to run consecutively.

Raul Montelongo appeals from a judgment of conviction on Counts 1 and 3 of the indictment just discussed. Raul was sentenced on that conviction to two four-year terms to run consecutively. Raul appeals also from judgments of conviction based on two additional indictments, neither of which mentioned Ignacio. One of those indictments (No. 72–C–137 in the district court) charged Raul and

Staley with *possession* with intent to distribute 48.20 grams of heroin and, in a separate count, with *distributing* 48.20 grams of heroin.

The remaining indictment (No. 72–C–139 in the district court), on which Raul was convicted, joined Raul, Staley and still another codefendant, David Tijerina. One count charged that those three *conspired* to distribute "a quantity of heroin." A second count charged that they *distributed* 235.55 grams of heroin. The crimes charged in this third indictment against Raul were allegedly committed "on or about the 26th day of October, 1972," while the crimes charged in the two indictments described earlier were allegedly committed "on or about October 17, 1972." On each of the two last-mentioned judgments of conviction of Raul, he was sentenced to two ten-year terms to run consecutively, making the total of Raul's consecutive sentences under all three indictments forty-eight years.

The jury found David Tijerina not guilty. On the two indictments last mentioned, Staley was tried separately some six months prior to the trial of Tijerina and the Montelongos. Staley was convicted and sentenced to six years imprisonment on those two indictments. His conviction has been affirmed by this Court without a published opinion. United States v. Staley, 5 Cir. 1974, 492 F.2d 1241.

The sufficiency of the evidence to support convictions was challenged by motion of each defendant for judgment of acquittal filed at the conclusion of the government's case and renewed at the close of the evidence. The district court denied the motions, and also denied a motion for new trial filed by Ignacio

Upon appeal Ignacio Montelongo makes two contentions: (1) that there was insufficient evidence to sustain his conviction; and (2) that the district court erred in not granting his motion for severance.

Raul Montelongo contends on appeal: (1) that the district court erred in permitting the government to carve out more than one offense from a single transaction and in imposing consecutive sentences for each such offense; (2) that, upon sentence, the district court erred in considering information not in the record without giving him an opportunity to refute such information; and (3) that the district court erred in denying his motion to quash the jury panel and in refusing his counsel permission to develop the nature and extent of prior jury service of the members of the jury panel.

The issues as to the sufficiency of the evidence and the selection of the jury, under the circumstances of this case, may be matters affecting the fundamental fairness of the trial and convictions of the defendants. We therefore consider those issues first.

### 1. Sufficiency of the Evidence

Raul Montelongo on appeal makes no contention that the evidence was insufficient to sustain the jury's verdict under any count on which he was convicted. Ignacio Montelongo seriously contends that there was not sufficient evidence to sustain the jury's verdict finding him guilty under Counts 1 and 2 of the indictment in case No. 72–C–138. It is enough to say that, while a close question is presented, particularly as to Count 1, the conspiracy count, any insufficiency may be supplied upon another trial. We note that Ignacio both moved for a new trial, as has been stated, and also prayed that his case "be reversed and remanded for a new trial." (Brief, p. 7.) We need not prolong this opinion with a necessarily elaborate discussion of the evidence, since the judgment against Ignacio must be reversed and his case must be remanded for other reasons presently to be discussed.

### 2. Selection of the Jury

The venire from which the jury was selected was the same as that from which the jury had been selected some months earlier in the case of codefendant Staley. Without prior notice to any of the parties or to counsel, the court, ex

mero motu, at the call of the docket before the trial began, consolidated the three cases for trial. The judge excused six members of the venire who sat upon the Staley jury. Counsel for Ignacio Montelongo objected to the consolidation because it would limit his challenges and also because the charges against Ignacio involved marihuana and he would probably be prejudiced by the trial of his case along with two cases to which he was not a party, both of which involved heroin.

Counsel for Raul Montelongo also objected to any limitation upon his challenges. The district court stated: " * * I am going to add two strikes, and so that the defendants can, jointly, exercise twelve strikes." (Supp.Rec., 18.) Counsel persisted in his objection to the consolidation:

> "MR. PICHINSON [Counsel for Raul Montelongo]: Now comes the Defendant, Raul Montelongo, and moves the Court to quash the jury panel from which a jury is to be selected in the trial of this case for the reason that it has been developed from the questions asked that twenty-seven out of the thirty-two members of the jury panel have had previous service in cases involving narcotics, and therefore, it is impossible to select a fair and impartial jury from the panel.
>
> "Further, that the Court has refused to permit Counsel for the Defendant, Raul Montelongo, to inquire from the twenty-seven persons who have had previous jury service in narcotics cases to the type of case, the extent of their service in regard thereto, and the extent of service in regard—
>
> "THE COURT: All right—

> "MR. PICHINSON: —And further, there is something in addition to that, the Defendant, Raul Montelongo, acknowledges that the Court has now permitted fourteen strikes as between all Defendants, and the Defendant, Raul Montelongo, does not, this does not waive his right to have the individual ten strikes permitted, and respectfully still urges the objection that the fourteen strikes between all Defendants is not sufficient.
>
> "MR. SHARPE [Counsel for Ignacio Montelongo and David Tijerina]: The Defendants David Tijerina and Ignacio Montelongo, at this time would re-urge their request to have ten strikes each, and would adopt the Motion previously filed by Raul Montelongo with regard to quashing the panel.
>
> "THE COURT: All right, the Motions are denied."

(Supp.Rec., 24, 25 & 26.)

■ We think that the district court erred in denying the motions to quash the jury panel without allowing counsel for the defendants any opportunity to develop the nature and extent of the prior jury service of the twenty-seven members of the panel who had had prior jury service in narcotics cases.

■ Under the circumstances of these cases, we direct that on any re-trial Ignacio Montelongo be tried separately from Raul Montelongo. The remaining issues may not arise upon any re-trial and, hence, are not discussed.

The judgments of conviction of Ignacio Montelongo and of Raul Montelongo are reversed and the cases are remanded.

Reversed and remanded.