**UNITED STATES of America**

v.

**William CARRANZA,**
**Defendant-Appellant.**

**No. 77–1498.**

United States Court of Appeals,
First Circuit.

Argued June 8, 1978.
Decided Sept. 6, 1978.

William P. O'Neill, Springfield, Mass., with whom Edward N. Hurley, Springfield, Mass., was on brief, for defendant-appellant.

James E. O'Neil, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, PETTINE,* District Judge.

BOWNES, Circuit Judge.

Defendant-appellant, William Carranza, was one of a number of persons arrested in the Western Massachusetts and Boston areas at about the same time as part of a general crackdown on violations of federal firearms laws. He and three others were subsequently indicted and tried together. The jury returned a conviction against appellant for violations of 26 U.S.C. §§ 5841, 5861(d), 5812, 6861(e), and 18 U.S.C. § 922(a)(1) and (2).

The only issue on appeal is whether appellant was denied his constitutional right to a fair trial because members of the jury panel from which the jurors were selected had sat on a prior case in which the chief government witnesses were the same and some of the evidence was the same as in his trial. No claim is made that any of the jurors from the prior case actually sat at appellant's trial. Those jurors were challenged, but, in so doing, appellant used all his peremptory challenges. There are, therefore, two questions: whether the jury panel was impermissibly tainted by the presence on it of jurors who had sat on the prior case, and whether the exhaustion of peremptory challenges in eliminating those jurors from appellant's case amounted to a violation of appellant's right to the use of jury challenges.

About two and one-half weeks prior to trial, appellant filed a motion for a continuance. In support of that motion, he stated that the jury panel from which his jurors would be selected contained fourteen individuals who had sat as jurors in the case of *United States v. Hatin and Stancato*, and that testimony in the *Hatin* case referred to the Covered Wagon Lounge which would be referred to in his case by the same government witnesses who testified in the *Hatin* case. The motion for continuance further asserted that eleven additional jurors were selected for service on the panel in the *Hatin* case, but were challenged by either the government or defense counsel and that those jurors would be part of appellant's jury panel. Although the government

---

* Of the District of Rhode Island, sitting by designation.

agrees with appellant that the issue was clearly raised by appellant's motion for a continuance prior to trial, the statement of the district judge at the outset of the case does not show that he understood fully that defense counsel was asserting that some of the evidence would be the same and that the chief government witnesses would be the same.

THE COURT: There was a motion filed by William Carranza about two and a half weeks ago to have this case continue on the basis that there would be the same jury panel that heard another case similar to this case apparently. The case has since been continued.[**] It was continued at the request of Attorney Silverman on behalf of the defendant, James Brown, and Mr. Silverman had just come into the case.

Since that time there have been other cases in this court where there have been acquittals reached by the jury on firearms cases. There was a case last week where there were certain acquittals on various counts. This is a combination of those jurors. I think this would be a fair jury. It could go either way.

The defendant Carranza's request for a continuance is denied.

The government's position is threefold: (1) that the question of continuance is within the sole discretion of the district court, (2) that the jury empanelled was impartial, and (3) that appellant's failure to object to any particular juror's bias during voir dire, his failure to ask for challenges for cause, and his failure to submit special questions to the jury on their service in the prior case means that there has been no showing of actual bias or prejudice on the part of the jury and that the conviction must stand. The first statement begs the question, the second is a posited conclusion that avoids it, and the third has merit.

▬ Although the question of prior jury service on other similar cases involving the same government witnesses has arisen frequently and the issue of jurors actually sitting on two different cases involving the same defendant has been addressed directly, we have been unable to find any cases directly focused on the questions of taint of the panel and the effective, but exhaustive, use of peremptory challenges under the circumstances of this case. It is, of course, well established that the exposure of a jury panel prior to trial to the fact that defendant was convicted in a prior case requires automatic disqualification of the entire panel. *Leonard v. United States*, 378 U.S. 544, 84 S.Ct. 1696, 12 L.Ed.2d 1028 (1964). So also, a defendant has a constitutional right not to be tried by any jurors who had participated in his conviction in a prior case. *Government of Virgin Islands v. Parrott*, 551 F.2d 553 (3rd Cir. 1977); *Mottram v. Murch*, 458 F.2d 626, 630 (1st Cir.), *rev'd on other grounds*, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972).

In *United States v. Tropeano*, 476 F.2d 586, 587–588 (1st Cir.), *cert. denied*, 414 U.S. 839, 94 S.Ct. 90, 38 L.Ed.2d 75 (1973), we addressed a somewhat similar situation to the one here:

Defendant's trial took place after the conviction of some other defendants on similar charges. After testimony had started, defendant's counsel learned that some of the jurors had sat in a previous case. Defendant moved for a mistrial. The court denied the motion, on the ground that the objection came too late and because the jurors were not disqualified as a matter of law.

The second portion of this ruling was clearly correct. *United States v. Ragland*, 2 Cir., 1967, 375 F.2d 471, *cert. denied* 390 U.S. 925, 88 S.Ct. 860, 19 L.Ed.2d 987, and cases cited at 476 n. 2. On the record, the first was, also. Defendant knew there had been previous trials. Although it would have been a simple matter to request the court to inquire of prospective jurors at the time of impanelling whether they had sat before, de-

---

** The continuance that the court referred to was not of the *Hatin* case, but a prior continuance of appellant's case. Government's Brief at 3.

fendant did not do so. Had he done so the court should probably have regarded the disclosure as a ground for challenge for cause. Indeed, defendant had not even consumed his peremptory challenges.

In *United States v. Mutchler and Green,* 559 F.2d 955 (5th Cir. 1977), *modified,* 566 F.2d 1044 (5th Cir. 1978), the Court held that allowing jurors, already selected for defendants' trial, to sit on similar prosecutions prior to defendants', deprived defense counsel of the necessary information for effectively exercising peremptory challenges and required a reversal of the convictions. Applying *Mutchler* in a subsequent case, the Fifth Circuit held that the district court should have inquired as to other jury service in the seven week period between the time of selection for defendants' trial and the date trial actually commenced. It remanded for a determination of whether any of the jurors had, in fact, sat on a similar case or one involving the same witnesses during the interim period. *United States v. Jefferson,* 569 F.2d 260 (5th Cir. 1978). This rule was applied again in *United States v. Price,* 573 F.2d 356 (5th Cir. 1978), and *United States v. Garza,* 574 F.2d 298 (5th Cir. 1978). *United States v. Eldridge,* 569 F.2d 319 (5th Cir. 1978), held that an objection to the jury on the basis of interim service was waived because not timely pursued.

A review of the cases reveals that the circuit courts, while expressing disapproval of the practices of using jurors who had served in prior similar cases involving the same government witnesses, have been loathe to upset convictions where such use of jurors has occurred. The rule generally followed is that, unless a specific showing of bias or prejudice is made, the fact that a juror sat in a prior case involving the same government witnesses and the same type of crime will not be grounds for disqualification *per se* unless the defendant is charged

with an offense arising from the same transaction. *United States v. Jones,* 486 F.2d 476 (8th Cir. 1973); *United States v. Williams,* 484 F.2d 176 (8th Cir. 1973); *Johnson v. United States,* 484 F.2d 309 (8th Cir. 1973); *United States v. Cooper,* 332 F.2d 790 (3d Cir. 1964); *Casias v. United States,* 315 F.2d 614 (10th Cir.), *cert. denied,* 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065 (1963).[1]

In *United States v. DeMet,* 486 F.2d 816, 819 (7th Cir. 1973), the court stated: "Mere service on another jury confronted with similar charges and similar facts is not, even where some of government witnesses are the same, the type of experience from which the law will infer bias." *See also United States v. Haynes,* 398 F.2d 980, 983–986 (2d Cir. 1968), *cert. denied,* 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 124 (1969), in which the Court held: "We decline to find that the 7 jurors who sat in appellant's trial and who had been jurors in previous narcotics cases where the same government witnesses had testified were prejudiced jurors as a matter of law." *Id.* at 985–986.

Another case of significance is *United States v. Stevens,* 444 F.2d 630, 631–632 (6th Cir. 1971), in which appellant, although fully aware of the situation, had failed to object to the service of jurors who had watched or participated as jurors in the trial which resulted in the conviction of his employer stemming from the same set of factual circumstances. The court noted that no continuance was requested and that appellant did not exhaust his peremptory challenges. In finding no prejudicial error, the court stated:

We express our disapproval of the practice of permitting prospective jurors to witness trials in progress because of the risk of exposure to disclosures which might affect their impartiality if empanelled to try other cases. We also believe that, whenever avoidable, jurors should

1. *Casias* was decided by an equally divided court. Chief Judge Murrah, in a trenchant dissent, expressed the opinion "that a prospective juror or jurors who have sat together on a convicting jury in a similar but disconnected case, based upon the testimony of the same prosecuting witnesses, should be discharged for implied bias." *Id.* at 620. Despite the caliber of the dissent and its author, this approach has not caught on, at least as yet.

not be called to serve in cases involving witnesses or parties who participated in cases in which they were previously impanelled.

In *United States v. Williams, supra*, 484 F.2d 176 the court affirmed the conviction resulting from a trial in which some of the jurors had served in prior trials in which convictions had been obtained on the testimony of the same government witnesses as in appellant's trial. Like our case, appellant's attorney had moved for a continuance prior to trial, but had not made specific challenges for cause. But unlike the case at bar, the district court conducted a voir dire and asked the jurors if their sitting on the prior cases and hearing the same witnesses would make it difficult for them. The court did state: "[W]e do not endorse the procedure followed here as being preferred or the most desirable. Still we cannot say that its use is reversible error." *Id.* at 178.

*United States v. Drake*, 494 F.2d 648 (7th Cir. 1974) concerned a challenge to the jury panel because of their exposure to the prosecutor and the number and type of cases heard by the panel. In rejecting the challenge, the court stated: "We think that defendant's concern could have been remedied by questions during the voir dire examination since that is the appropriate time to ascertain the prospective jurors' ability to render a fair and impartial verdict." *Id.* at 649.

Here, we do not know whether the *Hatin* case involved the same transaction or not. The allegation in the motion that there would be evidence as to the Covered Wagon Lounge cannot be stretched to mean that appellant was involved in the same transaction as were Hatin and Stancato.[2] Certainly, there was no specific statement made to the district court judge, either in the motion for a continuance or on the day of trial, that the evidence in the *Hatin* case and appellant's case involved facts arising out of the same transaction, nor is such assertion made in appellant's brief.

 We share the sentiments of the Sixth Circuit that, "whenever avoidable, jurors should not be called to serve in cases involving witnesses or parties who participated in cases in which they were previously impanelled," *United States v. Stevens*, 444 F.2d at 632, and we think the better practice here would have been for the court *sua sponte* to have conducted a searching voir dire of the jury panel as to their service in the *Hatin* case or allowed defense counsel challenges for cause to the jurors who had sat on that case. *See United States v. Tropeano, supra*, 476 F.2d 586. Defense counsel, however, also has responsibilities it cannot shirk; the situation, especially in light of the district judge's remarks, called for a request for challenges for cause and the submission of special voir dire questions to the court.

 Where there has been no showing that members of the jury panel sat on a prior case involving the same transaction that gave rise to the offense for which defendant was tried, even though they may have participated in a similar case involving the same government witnesses and some of the same evidence, and where those members of the panel who served on the prior case were eliminated from the jury by the exercise of peremptory challenges, we hold that the defendant was not deprived of his right to a fair trial by an impartial jury.

 We further hold that under these circumstances, *viz.*, the failure of defense counsel to submit special voir dire questions and to request challenges for cause, exhaustion of a defendant's peremptory challenges in effectively eliminating from the jury those jurors who served in a prior case involving the same government witnesses and some of the same evidence did not violate defendant's right to the free and full exercise of his jury challenges.

*Affirmed.*

---

**2.** Appellant's indictment does not mention Hatin or Stancato at all; he was indicted and found guilty of selling firearms without a license, possessing a sawed off shotgun and selling said gun. No other persons are mentioned in those counts of the indictment pertaining to appellant. It would appear that this is not a "same transaction" case.