**UNITED STATES of America, Appellee,**

v.

**Tony L. FIRST, Appellant.**

**No. 79–1146.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1979.

Decided June 15, 1979.

James M. Asher, St. Louis, Mo., for appellant.

Georgia Goslee, Asst. U. S. Atty. (argued), St. Louis, Mo., for appellee; Robert

D. Kingsland, U. S. Atty., St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN,* District Judge.

HEANEY, Circuit Judge.

Tony L. First appeals from his conviction of theft of mail matter by an employee of the United States Postal Service, in violation of 18 U.S.C. § 1709. On appeal, he contends that the District Court erred in refusing to give a requested instruction distinguishing § 1709 from 18 U.S.C. § 1703, and that he was denied a fair trial because the jurors in his case had previously served a six-month term of service in federal court. We affirm.

In order to test the mishandling of mail by employees, a test parcel, containing a Bulova watch and a transmitter capable of signaling when the watch was removed from the package, was prepared at the Bulk Mail Center at Hazelwood, Missouri. This package was placed by a supervisor at the mouth of the trailer where First, a Postal Service employee, was working. Several postal inspectors, who were concealed from view, observed First pick up the package and carry it into the trailer. A signal from the package was then received, indicating that the transmitter had been disturbed. The postal inspectors entered the trailer and confronted First. He was told to empty his pockets, which he did. The watch was removed from his right rear pocket.

First's defense at trial was that although he opened the parcel and removed the watch, he did not intend to keep it. He testified that he placed the watch in his pocket to avoid being seen having opened a mail parcel and, frightened by seeing an individual who may have observed his opening the package, he concealed the watch, intending to repackage it as soon as he was unobserved.

On appeal, First contends that the District Court erred in failing to instruct the jury that the simple act of opening of mail by a postal employee, punishable under 18 U.S.C. § 1703,[1] is a separate offense from the embezzlement of mail with which he was charged. He argues that the requested instruction was necessary in order to clarify that the mere act of opening the mail does not constitute embezzlement and, thus, is not enough to support a conviction under § 1709.[2]

■ We find no error in the District Court's refusal to give the requested instruction. The purpose of the requested instruction was merely to emphasize that a finding of specific intent to permanently deprive the true owner of his property is necessary for conviction under § 1709, a point repeatedly emphasized in the instructions given by the District Court. No error was committed in refusing to give this cumulative instruction. *United States v. Anderson,* 552 F.2d 1296, 1301 (8th Cir. 1977); *United States v. Carlson,* 547 F.2d 1346, 1363 (8th Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977).

---

* HARRY H. MacLAUGHLIN, United States District Judge, for the District of Minnesota, sitting by designation.

1. It appears from the transcript that First's counsel inadvertently requested that the District Court instruct the jury that opening of mail by a postal employee constitutes a separate offense under 18 U.S.C. § 1708. Section 1708 prohibits the theft or receipt of stolen mail matter. It is § 1703 which prohibits the "open[ing] [of] any letter, postal card, package, bag, or mail" by a Postal Service employee, which has been "entrusted to him * * * and which was intended to be conveyed by mail," § 1703(a), or the "open[ing] [of] * * any mail or package of newspapers" by a Post-

al Service employee which are "not directed to the office where he is employed," § 1703(b).

2. First does not argue that § 1703(a), prohibiting the opening of mail by a Postal Service employee which came into his possession and which was intended to be conveyed by mail, is a lesser-included offense of § 1709, prohibiting the embezzlement of mail by a Postal Service employee. We therefore, need not decide whether a lesser-included offense can be a crime which carries a lesser fine than that carried by an alleged greater offense but which carries an equivalent term of imprisonment. *See United States v. Evans,* 45 F.R.D. 441, 443 (S.D.N.Y.1968).

 First also contends that he was denied a fair trial because the jury panel from which the petit jurors in his case were chosen had served six months of federal jury service prior to the time that they were empanelled for his case. He contends that his lengthy term of federal jury service caused the jurors to lose their impartiality and gave the prosecution an unfair advantage since it would have had many prior occasions to have familiarized itself with the members of the panel.

We find this contention to be without merit. Although the members of this jury panel had been on call for federal jury service for the previous six months, there was no evidence that any member had been required to serve during that period an amount of time in excess of the statutory limitations. *See* 28 U.S.C. § 1866(e);[3] *United States v. Drake,* 494 F.2d 648, 649 (7th Cir. 1974). Nor is there any evidence which would justify a finding of actual or implied bias on the part of the members of the panel. Defense counsel asked the panel members whether their prior jury service would affect their ability to reach an independent decision and received a negative response. Although four members of the panel indicated that they had previously served as jurors in federal court, there was no evidence as to the number of cases which their prior service involved, or whether those cases were civil or criminal in nature. There is no evidence that this prior service involved cases similar to the one at bar, or that it involved the same witnesses or parties. *See Johnson v. United States,* 484

F.2d 309 (8th Cir.), *cert. denied,* 414 U.S. 1039, 94 S.Ct. 539, 38 L.Ed.2d 329 (1973); *United States v. Montelongo,* 507 F.2d 639, 641 (5th Cir. 1975); *United States v. Stevens,* 444 F.2d 630 (6th Cir. 1971). First does not contend that the District Court improperly restricted his counsel's voir dire of the jury panel members or prevented him from inquiring about the types of cases and extent of prior service of the prospective jurors. *Compare United States v. Montelongo, supra.* Under these circumstances, we cannot say that the mere fact of prior jury service by some of the members of the panel deprived First of his right to a fair trial.

The judgment of conviction is affirmed.

---

**3.** Section 1866(e) provides:

In any two-year period, no person shall be required to (1) serve or attend court for prospective service as a petit juror for a total of more than thirty days, except when necessary to complete service in a particular case, or (2) serve on more than one grand jury, or (3) serve as both a grand and petit juror. This section was part of the Jury Selection and Service Act of 1968, Pub.L.No.90–274 (1968), and is embodied in § 18 of the Modified Plan of the United States District Court for the Eastern District of Missouri for the Random Selection of Grand and Petit Jurors. While neither the statute nor the plan prohibits more frequent service, *see* 2 C. Wright, Federal Prac-

tice and Procedure § 383 at 40–41 (1969), shorter terms of service are strongly preferred, both to insure that juries reflect a larger cross section of the populace and to insure that those persons who do serve are less apt to become "professional" jurors. *See* U.S. Department of Justice, Law Enforcement Assistance Administration, National Institute of Law Enforcement and Criminal Justice, *A Guide to Juror Usage* § 6.4 (1974). A frequently recommended upper limit on jury service is one trial, or one week. *See id.;* Roscoe Pound—American Trial Lawyers Foundation, *The American Jury System: Final Report of the Annual Chief Justice Earl Warren Conference on Advocacy in the United States* at 22 (1977).