We granted certiorari in this case to examine the question of whether the oral and written confessions of the defendant Bracewell were obtained in violation of the Fourth Amendment to the United States Constitution. Wong Sun v. United States,371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), Ex parte Meeks,434 So.2d 844 (Ala. 1983).
Bracewell was originally convicted of the capital murder of Rex Carnley by shooting him with a pistol during the commission of a robbery. Her original conviction and sentence of death were eventually overturned on the authority of Beck v. State,396 So.2d 645 (Ala. 1980). See, Bracewell v. State,401 So.2d 119 (Ala.Cr.App. 1978), rev'd, 401 So.2d 123 (Ala. 1979), on remand, 401 So.2d 124 (Ala.Cr.App. 1980), cert. denied,401 So.2d 130 (Ala. 1980), vacated, 449 U.S. 915, 101 S.Ct. 312,66 L.Ed.2d 143 (1980), after remandment, 401 So.2d 130
(Ala.Cr.App. 1981), cert. denied, 401 So.2d 130 (Ala. 1981).
On her second trial for the offense, Bracewell was found guilty as charged and was sentenced to life imprisonment without parole.
In her petition for certiorari, Bracewell contends that the Court of Criminal Appeals erroneously affirmed the trial court's failure to properly apply the "totality of circumstances" doctrine by not considering all of the important facts and circumstances, such as her age, education, low mentality, and economic background in determining whether the confession was the product of a rational intellect, knowingly and intelligently made by voluntarily waiving her privilege against self-incrimination and her right to have appointed counsel. Alternatively, she claims that the confessions were obtained while she was being illegally detained and should have been suppressed as the fruits of an illegal arrest. The Court of Criminal Appeals, in a lengthy opinion, *Page 829 
discussed the evidence which was presented on the question of the voluntariness of Bracewell's confession, and concluded that there was ample evidence presented, including Bracewell's own testimony, for the trial court to make a voluntariness determination.
The Court of Criminal Appeals did not reach the merits of Bracewell's contention that her oral and written confessions were inadmissible as evidence because they were the fruits of an illegal arrest, because, as that court said, "the appellant did not object, at trial, to the admissibility of her confessions on the `fruit of an illegal arrest' ground, and she did not state this as a ground in her motions to suppress or her motion for a new trial."
Bracewell, in her brief filed in this Court, claims that the opinion of the Court of Criminal Appeals incorrectly states certain facts which either did not appear in the trial transcript or which were stated so as to create a prejudicial misapprehension of the true facts. Bracewell's contention with regard to the facts contained in the transcript of this case comes too late. She did not take advantage of the provisions of Rule 39 (k), Ala.R.App.P. If she was not satisfied with the statement of facts contained in the opinion, she should have, on application for rehearing in the Court of Criminal Appeals, presented any additional or corrected statement of facts to that court and requested that court to add or correct those facts in its opinion on rehearing. We will not notice any plain error in the proceeding as we would have done if the death penalty had been imposed. Rule 45B, Ala.R.App.P. We have examined the opinion of the Court of Criminal Appeals, the principles of law cited in that opinion, and the briefs filed by the parties in this case, and we are of the opinion that the judgment of the Court of Criminal Appeals is due to be, and the same is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.