BOWEN, Presiding Judge.
George Theodore Roberts was indicted and convicted for the sale of marijuana. Sentence was ten years’ imprisonment.
The trial court improperly limited the scope of defense counsel’s voir dire examination of the jury venire.
The State’s main witness was Jamie D. Thomas, an officer of the Narcotics Unit of the Alabama Bureau of Investigation. He testified that, while working as an undercover agent, he purchased marijuana from the defendant on February 27, 1984.
Thomas was also a witness for the State in cases against Andrew Louis Wilson and Patricia Ann Johnson for the sales of marijuana. Those two cases were tried on Tuesday and Wednesday of the week of June 4, 1984, and both Wilson and Johnson were convicted. The defendant was tried on Friday of that same week.
On voir dire of the venire in the defendant’s trial, defense counsel sought to discover which jurors “during this term of Court sat on a jury in a case in which Mr. Jamie Thomas testified.”
The trial judge interrupted counsel’s inquiry, stating that counsel would be provided with a list of those jurors with prior service. The judge refused to allow counsel further inquiry into this area.
“THE COURT: Well, I am, of course, not going to let Mr. Martin question jurors about their service in particular cases during this week, that has been tried during this week; because I feel like that is invading the privacy of the jurors. I’ll let you know who they were, and who sat on all of the juries, and furnish you the list of jurors in the cases; but I’m not going to let you question them, Peter.
“MR. MARTIN [Defense Counsel]: Okay.
“THE COURT: And you may have your exception.
“MR. MARTIN: Judge, if I might make an offer of proof to that. The reason I feel that it is important is this. It’s because of the fact that the credibility that these people do know, when I asked if anybody knew Jamie Thomas none of them raised their hands. But they all do know him, because they have seen him as a witness. They’ve had the chance to listen to him and may have relied on his testimony in making a decision. I have to know whether or not if they relied on his testimony once, that they are likely to rely on it again; simply because they relied on it once.
“THE COURT: Well, I’m not going to allow you to question them any further about cases that they served on this week, because I feel that you are getting into the operation of the juror’s minds during the trial of a case, and I just don’t think that it’s proper, Peter.”
Five of the jurors in the defendant’s trial were also jurors in both Wilson’s and Johnson’s trial. One juror served in Johnson’s trial only. The result was that six of the jurors who tried the defendant had served as a juror in either Wilson’s or Johnson’s trial.
The general rule is that “absent some evidence of actual partiality, a juror is not disqualified merely because he previously sat in a similar case arising out of a separate and distinct set of circumstances even though the offenses charged in the eases are similar and some of the same prosecution witnesses testify in each case.” *446 Government of Virgin Islands v. Williams, 476 F.2d 771, 773 (3rd Cir.1973). It is not a ground for challenge for cause in a drug prosecution that a juror had served on the previous day on a case involving a similar charge in which the same undercover officer had testified as a witness for the State. Hill v. State, 348 So.2d 848, 856-57 (Ala.Cr.App.), cert. denied, 348 So.2d 857 (Ala.1977).
That an accused is “entitled to develop on voir dire some information regarding prospective jurors’ prior service in similar cases is well established.” United States v. Mutchler, 559 F.2d 955, 958 (5th Cir.1977), modified, 566 F.2d 1044 (5th Cir.1978). “Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes.” United States v. Ledee, 549 F.2d 990, 993 (5th Cir.), cert. denied, 434 U.S. 902,' 98 S.Ct. 297, 54 L.Ed.2d 188 (1977).
As in Ex parte Ledbetter, 404 So.2d 731, 732 (Ala.1981), “[njeither party argues with the principle that parties have the right, within the trial court’s sound discretion, to examine jurors on any matter that might tend to affect their verdict, ... i.e., as tending to show bias or interest.” Although the inquiry permitted “should be liberal and extend to any and all matters touching the qualifications, interest, or bias of prospective jurors.... But, such right is to be exercised within the sound discretion of the trial court.” Smith v. State, 292 Ala. 234, 236, 292 So.2d 109 (1974).
Here, we are concerned with the scope of the voir dire permitted into the jurors’ prior service. “The trial court has broad discretion in controlling the manner and scope of voir dire.... Absent a showing of an abuse of that discretion, none may be implied.” United States v. Ochoa, 543 F.2d 564, 566 (5th Cir.1976).
“[Wjhile impaneling a jury the trial court has a serious duty to determine the question of actual bias, and a broad discretion in its rulings on challenges therefor.” Dennis v. United States, 339 U.S. 162, 168, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950). “Preservation of the opportunity to prove actual bias is a guarantee of a defendant’s right to an impartial jury.” Dennis, 339 U.S. at 171-72, 70 S.Ct. at 523.
This Court concludes that the trial judge improperly limited and unduly restricted defense counsel’s voir dire of the venire. “Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient and artificial formula.” United States v. Wood, 299 U.S. 123, 145-46, 57 S.Ct. 177, 185, 81 L.Ed. 78 (1936).
“An examination of a prospective juror on his voir dire is proper so long as it is conducted strictly within the right to discover the state of mind of the juror with respect to the matter in hand or any collateral matter reasonably liable to unduly influence him, and questions which go primarily to the ascertainment of any probable bias or ground of incompetency, as a basis of a challenge for cause, or possibly of a peremptory challenge, are permissible.” 47 Am.Jur.2d Jury § 201 (1969).
Defense counsel should have been afforded the “opportunity to develop the nature and extent of the prior jury service” of those six members of the panel who had had prior jury service in similar cases involving the same undercover agent. United States v. Montelongo, 507 F.2d 639, 641 (5th Cir.1975).
“A review of the cases reveals that the circuit courts, while expressing disapproval of the practices of using jurors who had served in prior similar cases involving the same government witnesses, have been loathe to upset convictions where such use of jurors has occurred. The rule generally followed is that, unless a specific showing of bias or prejudice is made, the fact that a juror sat in a *447 prior case involving the same government witnesses and the same type of crime will not be grounds for disqualification per se unless the defendant is charged with an offense arising from the same transaction.” United States v. Carranza, 583 F.2d 25, 28 (1st Cir.1978).
In Carranza, the court noted that “the better practice” is that the trial judge should conduct a searching voir dire if the judge knows of the presence of jurors on the panel with previous service in similar trials. 583 F.2d at 29. Here, the trial judge prevented defense counsel from establishing any actual bias of any member of the venire panel.
“The jury box is a holy place. To ensure that those who enter are purged of prejudice, both challenges for cause and the full complement of peremptory challenges are crucial. Therefore, as a general rule it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause, for this has the effect of abridging the right to exercise peremptory challenges_ At stake is the party’s right guaranteed by the Sixth Amendment to an impartial jury; the principal way this right is implemented is through the system of challenges exercised during the voir dire of prospective jurors.... Although a trial court has broad discretion in its conduct of voir dire, ... its exercise of that discretion is ‘subject to the essential demands of fairness.’ ” United States v. Nell, 526 F.2d 1223, 1229 (5th Cir.1976).
The trial judge’s limitation of the defendant’s voir dire was error. That error was not waived. United States v. Mobley, 656 F.2d 988, 989-90 (5th Cir.1981).
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.