Donald Earl Stringfellow was convicted of sodomizing his eleven-year-old stepdaughter in violation of § 13A-6-63, Code *Page 1240 
of Alabama 1975. He was sentenced to life imprisonment.
 I
Stringfellow argues on appeal that the trial court committed reversible error in refusing to allow his attorney to question prospective jurors about whether they had ever been a victim of a sexual assault. The record indicates that the following discussion occurred outside the presence of the venire:
 [THE COURT] "Let me tell you one other thing before you get started. I'm not going to let anyone ask the jurors: have any of you been the victim of sexual assault. Now, you know, when that particular time comes, if you ask that, and you make an objection, Ron, [district attorney] I'm going to sustain the objection. But if ya'll want to, you can word it this way, you can ask them, if any member of your family has ever been the victim of any type of an assault; and if it would be embarrassing for you to let us know at this time, please come up and talk to the Judge after we get through. Now, I'll let you do that. But I'm not going to make anyone stand up out there and say that they have been the victim of a sexual assault.
 "MR. COX: That is the dilemma of the defendant in this case, that if I ask them that and embarrass them.
 "THE COURT: Well, you know, you can ask if any of them have been the victim of any type of assault. And if it is embarrassing that you can come up here and talk now or come up and talk to the judge after I get through.
 "MR. COX: Well I hope that ya'll are willing to bear with me, because I have got an awful lot of questions; just because of the nature of this case.
"MR. [RON] MYERS: I understand.
"THE COURT: Okay."
After the above discussion, the appellant's trial attorney began his voir dire examination of the jury. There is nothing in the record to indicate that an objection was made concerning the procedure suggested by the trial court. It is well settled law that appellate review is limited to those matters on which rulings have been invoked in the trial court. The record does not contain any refused requested voir dire questions. Absent an adverse ruling in the lower court, or an objection to the court's failure to rule, there is nothing to review. Whorton v. State,422 So.2d 812, 813 (Ala.Cr.App. 1982). From the record, it appears that counsel agreed with the court, that the question under discussion would be counterproductive and the subject should be approached one step at a time. Furthermore, even had an objection been interposed and an adverse ruling made, we believe that no error would have been committed. It is true that, "in the process of selecting the jury from the venire afforded, each party has the right to have questions formulated by it propounded to the jury, either by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or interest or bias on the part of prospective jurors." Griffin v. State,383 So.2d 873, 876 (Ala.Cr.App. 1980); see also, Alabama Power Co. v.Bonner, 459 So.2d 827 (Ala. 1984). It is equally clear, however, that the trial court has broad discretion in determining how the voir dire examination of a jury will be conducted. Robinson v.State, 430 So.2d 883 (Ala.Cr.App. 1983); Witherspoon v. State,356 So.2d 743 (Ala.Cr.App. 1978). Where the procedure employed by the trial judge is sufficient to uncover possible prejudice or bias of a juror, the right of a party to have its questions propounded to the jury is not infringed upon. United States v.Brooks, 670 F.2d 148 (11th Cir. 1982), cert. denied,457 U.S. 1124, 102 S.Ct. 2943, 73 L.Ed.2d 1339 (1982). In the present case, the procedure suggested by the trial judge permitted defense counsel to ask the jury whether they had previously been victims of an assault, and, if so, permitted either the defense attorney or the trial court to privately question the juror concerning the exact nature of the assault. *Page 1241 
We find no error in this procedure. Indeed, because of the natural reluctance to admit publicly that one has been a victim of sexual assault, this procedure would almost certainly prove more effective in discovering possible bias or prejudice of a juror.
 II
The appellant next maintains that the trial court erred in denying his motion to strike one of the jurors for cause. He insists that Mrs. Wanda Barker should have been disqualified because she had a "mind set" against child abuse cases.
A party may have a prospective juror removed for cause if he establishes that the juror has a "fixed opinion as to the guilt or innocence of the defendant which would bias his verdict." §12-16-150 (7), Code of Alabama 1975. Proof that the juror has a biased or fixed opinion is not, of itself, sufficient. The party seeking to have the juror disqualified must further demonstrate that the juror's opinion is so fixed that it would bias his verdict. Clark v. State, 443 So.2d 1287 (Ala.Cr.App. 1983); Nobisv. State, 401 So.2d 191 (Ala.Cr.App. 1981), cert. denied,401 So.2d 204 (Ala. 1981).
During the voir dire of Mrs. Barker; the following occurred:
 "MR. MYERS: Despite the fact that you are opposed to child abuse, do you feel that you would be able to sit on the trial of this case, be on the jury, and base your verdict solely on the evidence as it comes to you from the witness stand, and nowhere else?
 "A JUROR: I would try very hard to base my opinion on the facts presented, but —
 "MR. COX: But your basic attitude, is, that you've got a mind set against it to start with?
"A JUROR: Yeah, you know.
 "THE COURT: Well, let me ask you this: do you have a mind set against murder?
"A JUROR: Well, everybody does.
"THE COURT: Rape?
"A JUROR: Everybody does.
 "THE COURT: Well, James, I'm going to leave her on because she has had her mind set against this, but it's not been proven yet. And as she says she will base her verdict on the evidence in the case.
 "A JUROR: I will try real hard, but I do feel very partial toward the child.
 "MR. COX: Well, let me ask you this question: will you give the defendant in this case the same opportunity in considering the evidence, as you will as to what is presented by the District Attorney and after you have heard the little child testify?
 "A JUROR: I will try very hard to give the same one.
 "THE COURT: Anything else? Thank you. You may have a seat."
The testimony of Mrs. Barker indicates that she would base her verdict upon the evidence presented by the parties at trial. Indeed, her response indicates how seriously she considered her duty to be impartial and fair-minded. As this court noted inClark v. State, 443 So.2d 1287, 1289 (Ala.Cr.App. 1983):
 "A juror who brings his thoughts out into the open in response to voir dire questions may be the one who later `bends over backwards' to be fair. The judge was in position to hear not only the words recorded by the court reporter but also the meaning actually conveyed by the responding prospective juror. A trial court's ruling on challenges for cause based on bias is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion."
We find no abuse of discretion by the trial court in denying the appellant's request to disqualify Mrs. Barker.
 III
The appellant also contends that another juror should have been disqualified due to the fact that her daughter had previously been treated for sexual abuse. The touchstone *Page 1242 
is the statutory standard of § 12-16-150 (7), Code of Alabama 1975. The record indicates that she informed the court that her daughter had been sexually molested. She also stated that she would be able to render a fair and impartial verdict, based solely upon the evidence presented at trial. "Where jurors testify that they have opinions but that they would try the case fairly and impartially according to the law and the evidence, and their opinions would not influence their verdict, they are competent to serve and it is not error for a trial judge to deny a challenge for cause." Jarrell v. State, 355 So.2d 747, 749
(Ala.Cr.App. 1978).
Appellant insists, however, that the trial court should have permitted him to further question this prospective juror to determine whether her daughter's experience would prejudice her verdict. We find that counsel had sufficient opportunity to question the witness. The trial judge concluded to his satisfaction that she could render a fair and impartial verdict. The trial court has a great deal of discretion in determining the extent to which a party may examine a prospective juror on voir dire. Dawkins v. State, 455 So.2d 220 (Ala.Cr.App. 1984). Where the court has already elicited information from a prospective juror that is sufficient to uncover prejudice or bias, the court should not be placed in error for refusing to allow a party the opportunity to continue questioning the juror about the same matter. See, Bracewell v. State, 447 So.2d 815 (Ala.Cr.App. 1983), aff'd, 447 So.2d 827 (Ala. 1983), cert. denied, ___ U.S. ___, 105 S.Ct. 382, 83 L.Ed.2d 318 (1984) (no abuse of discretion by trial judge in refusing to allow defendant to submit questions to juror where the judge had already conducted an extensive examination of jury venire); Smith v. State, 292 Ala. 234,292 So.2d 109 (1974) (court's refusal to allow defense counsel to obtain more details from a juror held not to be error where court's questions elicited sufficient information to determine possible bias or prejudice of juror).
 IV
Finally, the appellant contends that he was not afforded effective assistance of counsel at trial. To establish ineffective assistance of counsel, the accused must show that his attorney's performance was so deficient as to fall below an objective standard of reasonableness and, further, that this deficiency actually prejudiced him and deprived him of a fair trial.
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134, 102 S.Ct. 1558, 1574-1575, 71 L.Ed.2d 783
(1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' See Michel v. Louisiana, supra, 350 U.S. [91], at 101, 76 S.Ct. [158], at 164 [100 L.Ed. 83]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Most of the "errors" alleged by the appellant as evidence of ineffective assistance of counsel concern his trial attorney's not making enough objections to questions. As we observed inBrooks v. State, *Page 1243 456 So.2d 1142, 1145 (Ala.Cr.App. 1984), "effectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made. Effectiveness of counsel is not measured by whether counsel objected to every question and moved to strike every answer."Brooks, supra. To object to each question is to waste the time of everyone present. An attorney who objected to every question would be serving notice that, while he might hope to win his case on appeal, he had abandoned hope of winning at trial.
"An accused is not entitled to error-free counsel." Phelps v.State, 439 So.2d 727, 735 (Ala.Cr.App. 1983); Mallory v. State,437 So.2d 595 (Ala.Cr.App. 1983). Upon examining the record, we are convinced that the trial attorney in the present case performed adequately and that the appellant was not denied the effective assistance of counsel.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.