Appellant, Larry W. Hutchins, was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975, and two counts of sodomy in the first degree, violations of §13A-6-63, Code of Alabama 1975. He was sentenced under the Habitual Felony Offender Act to three life sentences.
The appellant originally appealed this case to this court in 1987. At that time, we affirmed the conviction without an opinion. 531 So.2d 67. We are required to review appellant's allegations for the second time because the United States District Court for the Middle District of Alabama has granted the appellant an out-of-time appeal.
The state's evidence tended to show that on the night of September 21, 1986, the victim was raped and sodomized by the appellant. Earlier that evening, the victim had gone to the grocery store to get diapers for her baby. While she was on her way home, a man, later identified as this appellant, pulled up behind her automobile with his emergency lights flashing. The victim stopped and the appellant parked behind her. He then approached the driver's side of her car and showed her a badge and a police identification card. The victim testified that the appellant asked her for some identification and walked back to his vehicle. He then came back and asked her for some proof of ownership of the car. As she reached over to the glove compartment, the appellant tried to open her car door but it was locked. When she asked the appellant what he was doing, he pointed a gun at her and told her to get out of the car. He forced her to get into his car and put her head between her knees. He held a gun to her head. Several minutes later he stopped the car and blindfolded the victim with tape. The appellant then drove for several minutes, stopped, and then bound her wrists. The appellant then forced the victim into the back seat and told her to take off her clothes. At that the time the appellant performed oral sex on the victim, then forced her to perform oral sex on him. The appellant then attempted *Page 397 
to have sexual intercourse with her but was unsuccessful. The victim stated that appellant then opened the back door and became upset when the light came on. He ripped the light out, pulled her out of the car and threw her on the back of the car. The appellant again performed oral sex on her and again attempted to have sexual intercourse but was unsuccessful. The appellant was very irritated by this time. He took her back to her car and told her to go to a certain grocery store. He told her that he would kill her if she did not do this. He also made repeated references concerning her husband and son. Fearing for her life and the lives of her family, she drove to the store with the appellant following closely behind her. After arriving at the store she got into appellant's car, where he taped her eyes and her wrists. Appellant then took her to his home where he raped and once again sodomized her.
 I
Appellant argues that he was denied effective assistance of counsel. Specifically, he argues that his counsel was deficient because he failed to object to: 1) the introduction of items seized as a result of a search warrant executed on his home; and 2) the introduction of a statement he made to the police. Appellant also contends that his counsel was ineffective since he did not rely on an insanity defense.
The United States Supreme Court in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established the standard used when evaluating "counsel's conduct." The appellant must show that the attorney's performance was deficient and that this deficiencyprejudiced him in some way. Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. As this court stated in Stringfellow v. State, 485 So.2d 1238
(Ala.Cr.App. 1986), " 'Effectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made.' "Stringfellow, 485 So.2d at 1243.
Appellant does not state on what grounds the search could have been challenged. Nothing in the record supports the theory that the statement made by the appellant was anything but voluntary. As to the failure of trial counsel to proceed with the defense of insanity, we do not consider this to be ineffective assistance. At trial the defense asserted was that the victim consented. Nothing is set out that tends to show the deficiency of trial counsel. "Even if counsel committed what appears in retrospect to have been a tactical error, that does not automatically mean that petitioner did not receive an adequate defense in the context of the constitutional right to counsel." Ex parte Lawley, 512 So.2d 1370 (Ala. 1987). " 'An accused is not entitled to error-free counsel.' " Stringfellow, 485 So.2d at 1243.
We find, therefore, that appellant has failed to meet his burden of showing that his counsel committed errors which would have resulted in a different outcome of his trial.
 II
Appellant next argues that the prosecution erred in failing to provide him with exculpatory evidence. Specifically, he states that the prosecution withheld several statements made by the victim to law enforcement officers. According to Rule 18.1(e), A.R.Crim.P.Temp., a witness's statement is not discoverable unless it is exculpatory. See Rule 18.1(f), A.R.Crim.P.Temp. The defense was given a copy of a statement made by the victim. Nothing in the record reflects that any other statements made were conflicting or would be helpful to the appellant. The appellant's argument is simply not supported by the record. There is nothing more in the record or in appellant's brief which indicates that the state failed to comply with the trial court's discovery order. A reviewing *Page 398 
court cannot predicate error on matters not shown by the record. Robinson v. State, 444 So.2d 884, 885 (Ala. 1983).
 III
Additionally, appellant argues that the state failed to prove a prima facie case of rape in the first degree and sodomy in the first degree since, he says, no forcible compulsion was shown.
We have previously addressed and affirmed this issue on appellant's first appeal to this court. It is clear from the record that the state presented a prima facie case. The evidence, as stated above, showed that the appellant engaged in sexual intercourse and deviate sexual intercourse with the victim by force. The fact that the appellant claimed that the victim consented is a question left to the jury. As this court stated in Parker v. State, 516 So.2d 859, 862 (Ala.Cr.App. 1987), quoting Jones v. State, 469 So.2d 713, 717 (Ala.Cr.App. 1985):
 " 'Conflicting evidence should be reconciled by the jury, if possible, and if they cannot reconcile it they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief. . . .' "
 IV
Appellant next argues that the trial court erred in allowing testimony of other acts or evidence of other crimes. The appellant stated during his testimony that he had never owned a police badge or police identification card. The state presented two witnesses on rebuttal that contradicted the testimony of the appellant. One witness testified that she had been stopped by the appellant and that he had identified himself as a police officer and showed her a police identification card and a badge. The state offered this to impeach the appellant's testimony. As stated in McElroy'sAlabama Evidence, "Even if the accused has not introduced evidence of his good character for the purpose of proving his innocence, the state may impeach him the same as they might impeach any other witness." C. Gamble, McElroy's AlabamaEvidence, § 165.01(2) (3rd ed. 1977).
"An act of a witness which is inconsistent with his present testimony about a material matter is a self-contradiction and, as such, is provable for purposes of impeachment."McElroy's, § 155.02(3). See also Willis v. State,449 So.2d 1258 (Ala.Cr.App. 1984).
The evidence was admissible for purposes of impeachment.
 V
Last, appellant argues that he could not be sentenced under three different counts because, he says, they arose out of the same criminal act. The appellant was charged with two counts of sodomy in the first degree and one count of rape in the first degree. Rape and sodomy are separate and distinct crimes, requiring different elements of proof. See Wade v. State,453 So.2d 1072, 1073 (Ala.Cr.App. 1984). Appellant was also charged with two counts of sodomy. Each offense occurred at a different time and place. Thus, no error occurred in sentencing the appellant to three separate sentences.
Furthermore, no objection was made concerning the indictment and none was made at the sentencing hearing. Thus, this is not preserved for our review. See Vinzant v. State, 462 So.2d 1037
(Ala.Cr.App. 1984).
 VI
Appellant himself has also submitted a pro se brief, which we will now address. Appellant's first four issues are identical to those raised by his counsel, which we have already addressed.
Appellant also raises several issues concerning the fact that no objections were made at trial. As stated above, "Effectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made."Stringfellow, 485 So.2d at 1243. Appellant also argues that the indictment was defective and he was illegally sentenced under the Habitual Felony *Page 399 
ny Offender Act. These issues were not preserved for our review.
Appellant admitted that he had been convicted of two prior felonies. Additionally, during his sentencing hearing, certified copies of prior convictions were introduced into evidence. Appellant also states that he was not informed that he would be sentenced as a habitual offender. However, there is nothing in the record to support this contention.
AFFIRMED.
All the Judges concur.