(127 So. 796)

## MOORE v. STATE.

6 Div. 615.

Court of Appeals of Alabama.

Jan. 21, 1929.

Rehearing Denied Feb. 18, 1930.

Windham & Countryman, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J.

The undisputed evidence discloses that defendant, within the time laid in the indictment, was caught in the act of transporting forty gallons of whisky. The defendant did not deny this, but admitted it. He undertook to offer evidence tending to show that he was working for a man by the name of Tiffin as a truck driver, that he was only doing what he was ordered to do by his employer, and that his job depended upon his obedience to these orders. This, of course, was no defense to the indictment. Defendant knew it was a crime to transport the liquor, and the threat that he would lose his job was no such duress as the law contemplates as an excuse for crime. Compulsion which will excuse crime must be present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. 16 Corpus Juris, 91; Thomas v. State, 134 Ala. 126, 33 So. 130. The court therefore properly excluded all that line of testimony with reference to defendant's employment as a truck driver by Tiffin and of his acting under orders of Tiffin in hauling the whisky.

There being no conflict in the testimony as to the act of transporting and of the amount, the court committed no error in giving, at the request of the state, the following written charge: "The court charges the jury that if you believe the evidence in this case beyond a reasonable doubt then you should find the defendant guilty provided you are satisfied beyond a reasonable doubt that the offense was committed within the jurisdiction of this court."

This left but one issue to be determined by the jury, to wit, Was the crime committed within the jurisdiction of the Bessemer division of the circuit court of Jefferson county? On this the court charged the jury that precinct 40 is within the jurisdiction of the court trying the case. There was no error in this; the jurisdiction of the Bessemer division of the circuit court of Jefferson county is designated by boundaries which includes precinct 40.

Many exceptions were reserved in taking the testimony on the question of venue. Many of these seem to be captious and unnecessary, and all of them are without merit. The evidence was that the capture was made on a certain public road, and there was testimony tending to prove that the whole of this road was in precinct 40, Jefferson county. This made the question one for the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.