BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for assault with intent to murder Ralph Palmer and convicted by a jury as charged. The court fixed punishment at five years imprisonment. He appeals from a judgment of guilt.
It appears from the evidence that the alleged assault occurred at the home of Holley Whitlock, in Phil Campbell, Alabama, where the victim, together with his wife, Christine, and their three year old son, had gone to collect an insurance premium on a policy of insurance which the victim had previously sold to Mr. Whitlock. Mr. Palmer was an insurance agent. The visit was about 8 o’clock at night, April 23.
Mr. Whitlock was at home and with him was a Mr. McMicken and another whom Mr. Palmer did not know. After sitting around a while, the defendant with a “Flanigan boy” came in and brought some whiskey. Defendant testified that he had drunk some of the whiskey, but asserted he was not “plum drunk.” The victim testified he did not drink any whiskey, neither did his wife.
There was a conflict of testimony as to who was the aggressor in the fight between Palmer and Steele and as to which one was the first to hurl insulting epithets at the other that preceded the fight. The victim got cut and profuse bleeding therefrom followed. Suffice it is that whiskey was present and consumed and probably pro *1061 voked the physical encounter between defendant and his victim.
The jury resolved the conflict of evidence in favor of the State and against the defendant. A further delineation of the res gestae details would burden the opinion and would add nothing of importance to this opinion.
We now advert to appellant’s assertion of prejudicial error on the part of the trial court.
I
Did the trial court abuse its discretion in not permitting the defense to fully and completely examine the jurors as to their qualifications, interest or bias that would affect the trial of the case.
Appellant contends that the trial court did not permit his counsel to question the jurors as to their individual feelings toward the use of alcoholic beverages. We quote from the record.
“MR. MADDOX: Let me ask you this question, Ladies and Gentlemen, those that answered this question. Are there any of your [sic] that believe that nobody should consume alcoholic beverages?
“MR. JOLLY: Your Honor, I object to that.
“MR. MADDOX: In other words, do you believe in abstention of alcoholic beverages for anyone?
“MR. JOLLY: I object to that Your Honor.
“THE COURT: Let me ask the question. If any of you believe that by drinking and being involved, I don’t know what all the situation is, because I don’t know the facts, but involved in anything, would that tend to make you believe that they were guilty just because somebody had a drink and then were involved in something?
“NO ONE ANSWERED.
“THE COURT: All right, I’ll sustain now except for that.”
We have examined the record and conclude that the trial court was exceptionally liberal in permitting defendant’s counsel to examine or question the jurors in an attempt to ascertain their qualifications, interest or bias. Such examination and the extent thereof is addressed to the trial court’s sound discretion. Patterson v. State, Ala.Cr.App., 344 So.2d 543(1), cert. denied, Ex Parte Patterson, Ala., 344 So.2d 547. We find no abuse of discretion in the ruling of the court. There was no error in the court’s ruling.
II
A second and last contention is that the trial court abused its discretion in permitting the State’s rebuttal witness to testify as to the defendant’s reputation in the community in which he lived, “when the court would not permit evidence of the defendant’s place of residence.”
We note that defendant testified on direct that he lived on Route Three, Phil Campbell, Alabama, about two miles east of Spruce Pine, and lived with his grandmother, Lucy McMicken, whose house was on a paved road. The court sustained objection as to the distance of the gravel road from a paved road. The court also sustained the State’s objection to a question as to exactly where in the community the defendant lived. “Is it near a County road?”
The rebuttal witness was Johnny Snider, a State Investigator.
This witness testified that he knew the community in which the defendant lived. On voir dire, by defendant, this witness testified that defendant lived or resided in Spruce Pine, in the community of Phil Campbell.
We hold the community in which defendant lived was adequately identified by the defendant and the rebuttal witness and constituted a sufficient predicate. The court did not commit error in overruling defendant’s objection due to insufficient predicate for the adduction of evidence as *1062 to defendant’s bad reputation. Craven v. State, 22 Ala.App. 39, 42, 111 So. 767 (4, 5, 6).
We find no reversible error in the record. Because of such absence, the judgment is due to be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.