A jury found appellant-defendant guilty of robbery and fixed his punishment at imprisonment for ten years, and the court sentenced him accordingly. As the *Page 562 
alleged crime occurred prior to the effective date of Code of Alabama 1975, it was proper for the question of punishment to be determined by the jury in accordance with Code 1940, T. 14, § 415, and not by § 13-3-110 of the 1975 Code, whereby the court fixes the punishment.
Defendant pleaded not guilty, but there is no contention on appeal that the evidence was not sufficient to support the verdict. Clem Samuel, Jr., a witness for the State, testified that while he was working for Save More Food Store on Fifteenth Street and Thirty-second Avenue in Tuscaloosa with John Henderson, Jr., the alleged victim of the robbery, "two black males" entered the store. One stood at the door and the other, whom the witness said was defendant, came up and grabbed the witness. He said that defendant "pointed some hard thing or something in my side" and kept holding the witness down. He further testified that defendant said, "This is a holdup." According to the witness, he heard Henderson getting some money out of the cash register and placing it in a bag, and he saw defendant going out of the store with the bag while the other man who entered the store with him held the door open. The witness positively identified defendant, although he admitted that at a lineup thereafter in which the defendant was present, he stated that he could not identify the robber. He said that at such time he was afraid of being harmed if he stated that he identified defendant.
Henderson testified conclusively as to the robbery but was unable to identify the defendant as one of the men.
Appellant's only claim for a reversal is based upon what occurred promptly after attorneys announced ready for the trial as shown by the record as follows:
 "(The roll of the jury panel was then called and the jurors were duly identified. The jurors were then qualified, and during the voir dire of the panel by Mr. Bivens [defendant's counsel], the following occurred:)
 "MR. BIVENS: Now, during the course of your daily lives, are there any of you who have never mistaken a stranger for someone that you . . . (interrupted)
 "MR. HUDSON: Your Honor, I'm going to object to this question. It is more in the realm of an argument.
 "MR. BIVENS: Judge, I think it's clearly . . . (Interrupted).
 "THE COURT: I'm going to sustain the objection to the last question.
 "(The voir dire of the jury panel was completed without further objections. Challenges for cause were made and granted by the Court, to which no objections were made.)"
In support of his contention that the sustention of the objection of the State to the question asked, or sought to be asked, the panel of prospective jurors by defendant's counsel, appellant relies upon cases from other jurisdictions, or from Alabama cases construing the statutory law of Alabama that first appears as § 8662 of the Code of Alabama 1923[1] and was readopted as Tit. 30, § 52, Code of Alabama 1940, Recompiled 1958, which provided:
 "In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."
It appears that there is now no statutory authority that replaces the quoted section of the 1923 Code and the 1940 Code as it expressly pertained to "criminal" as well as "civil" cases. As to trials in civil cases, the mentioned section of the 1923 Code and the 1940 Code, respectively, is largely superseded, but somewhat qualified, by Rule 47 (a) of Alabama Rules of Civil Procedure.
We do not attempt to explain the reason for the absence at this time of statutory authority on the subject of the sections mentioned of the previous Codes pertaining *Page 563 
to the right of parties in criminal cases to examine prospective jurors for information that would tend to aid the parties in the process of selecting the jury to try the case. However, in noting this absence of the former codal provision, we do not think that a different decision from that which we now make would be appropriate even if the content of the sections of the previous Codes as quoted above were in the 1975 Code.
In considering the quoted section of the Code then applicable, it was stated in Rose v. Magro, 220 Ala. 120,124 So. 296, 299 (1929):
 ". . . The statute (section 8662, Code) was not intended to take away the discretion of the trial court in such a matter."
There is hardly any better settled principle of law than that in Alabama, much must be left to the sound discretion of the trial court as to the nature, variety and extent of the questions that should be asked prospective jurors by the parties, or their counsel, in the process of selecting the jury to try a case. The principle is clearly stated in some of the cases cited by both parties on this appeal. Smith v. State,292 Ala. 234, 292 So.2d 109, 111 (1974); Fletcher v. State,291 Ala. 67, 277 So.2d 882, 883 (1973); Steele v. State, Ala.Cr.App., 363 So.2d 1060, 1061 (1978); Witherspoon v. State, Ala.Cr.App., 356 So.2d 743, 747 (1978); Radford v. State, Ala.Cr.App., 348 So.2d 880, 884 (1977); Slinker v. State, Ala.Cr.App., 344 So.2d 1264, 1269 (1977). Notwithstanding the large number of cases on the subject, neither party on appeal has cited a case involving a similar question as that asked, or sought to be asked, by defendant's counsel in the instant case. The parties seem to agree that the question sought to be asked by defendant's counsel, when he was interrupted by State's counsel and afterwards was interrupted again, was whether any of the prospective jurors, during the course of their daily lives, had "never mistaken a stranger for someone" such jurors had previously known or seen.
We think there was a reasonable connection between the question sought to be asked by defendant's counsel and the case being tried, and that counsel should not have been interrupted before the question was completed. It developed on the trial that the witness who identified defendant and stated in effect that he had seen defendant previously as he came into the store about three times during the month of the robbery. The issue as to the identification of defendant by the witness was the crucial issue in the case. Whether the characterization of the question as being "more in the realm of an argument" was correct would depend greatly upon the circumstances, including the attitude of the questioner at the time. Whether so intended or not, the question attempted could have well served the same purpose as argument that a witness as to identity could be easily mistaken in thinking that a person he saw at a particular time was a person he had previously known or seen. Such would have been valid argument for defendant at the time for argument in the trial of the case, and doubtless such argument was made, but questions that border on argument should be avoided while prospective jurors are being interrogated by the parties during the process of the selection of a jury. In this respect, the objection of State's counsel to the question is understandable. The court probably so understood the objection in sustaining it. The record shows that the question attempted was "during the voir dire of the panel" by defendant's attorney. It does not show what other questions were asked, or whether many or few were asked.
We can see also that the particular attempted question could have so perplexed some of the jurors that they would have had to ask for an explanation of the question; furthermore, that affirmative answers to the question would not have been very dependable, in the light of common knowledge, and that if there had been no affirmative answer, it would have furnished support for defendant's argument to the jury of the unreliability in general of testimony of the identification of a person by observance of him. *Page 564 
We must ascribe, and do, to both attorneys' sincerity and devotion to duty as to their respective positions. Nevertheless, the question possessed more potential harm than good. The sustention of the objection to the attempted question did not constitute an abuse of the discretion properly vested in the trial court.
We find no error in the record. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is
AFFIRMED.
All the Judges concur.
[1] Also in Michie's Code (unofficial) of 1928.