McMillan, judge.
The appellant was indicted by the Cov-ington County grand jury for possession of a forged instrument in the second degree. He was convicted in a jury trial of possession of a forged instrument in the second degree and sentenced under the Habitual Felony Offender Act to a term of 20 years’ imprisonment and a $5,000.00 fine. This is an appeal from that conviction.
I.
The appellant argues that the trial court erred in refusing to allow him to present certain allegedly exculpatory evidence to the jury. The appellant contends that the offered evidence, testimony that David Atchison, his companion when the present offense took place, had previously stolen checks and passed them using the name of Fred Kelley, Jr., was properly admissible to disprove the State’s contention that the appellant possessed the forged instrument.
The record of this case shows that on June 19,1987, Charles Wambles of Andalusia Auto Parts waited on the appellant for approximately twenty minutes. Wambles testified that he looked up a number of items for the appellant in the store’s auto parts catalogues, and that the appellant then purchased five quarts of motor oil and 2 quarts of transmission fluid. He paid for *794 these items with a $75.00 check. Other testimony showed that this check had been stolen from Ms. Lessie Hutchins and was endorsed “Fred Kelley, Jr.”
Wambles further testified that a person later identified as David Atchison was with the appellant at this time, but that Atchi-son did not make a purchase. On cross-examination, Wambles testified that he was positive that the appellant was the person who made the purchase and gave him the check. Wambles also testified that, after the check was returned due to insufficient funds, he identified pictures of both the appellant and Atchison from police photographs.
During the trial of this cause, the appellant attempted to offer into evidence testimony relating to other checks belonging to Lessie Hutchins that were stolen previously by David Atchison and endorsed “Fred Kelley, Jr.” The trial court refused to allow this testimony on the ground that it was not relevant to this case.
“The test for relevancy has been clearly stated in C. Gamble, McElroy’s Alabama Evidence, § 21.01(1) (3d ed. 1977), as follows: ‘Fact A is relevant if there is any logical relationship between it and the ultimate inference B for which it is offered.’ ”
Jones v. State, 473 So.2d 1197, 1201 (Ala.Cr.App.1985).
“The test of relevancy applied in Alabama is whether the offered evidence bears any logical relationship to the ultimate inference for which it is offered. The inference for which the evidence is offered, of course, must be material to an issue in the case” (citations omitted) (emphasis supplied).
Aetna Life Ins. Co. v. Lavoie, 470 So.2d 1060, 1078 (Ala.1984).
In this case, the trial court properly concluded that testimony regarding previous thefts of Ms. Hutchins’s checks by Atchi-son were irrelevant and thus inadmissible. As this Court held in Allen v. State, 382 So.2d 1147, 1156 (Ala.Cr.App.1980), “[e]ven though one accused of a crime may show his innocence by proof of the guilt of another, provided the evidence relates to the res gestae of the offense, such evidence must exonerate the accused.” Because the evidence of Atchison’s earlier check thefts is not inconsistent with the guilt of the appellant in this case, such evidence was properly excluded.
II.
The appellant next contends that the trial court erred in refusing to question the ve-nire as to his requested voir dire questions numbered five, twelve, fourteen, fifteen, sixteen, and seventeen. The record shows that the following questions of the appellant were refused by the trial court:
“5. Would you tend to give more credit or weight to the testimony of a police officer, merely because he is a police officer, than you would to the testimony of any other witness?
“12. Is there any member of the jury panel who could not judge this case fully on the evidence presented in Court, and who would not allow the fear of later criticism to affect his or her verdict?
“14. Do you understand that the comments of the District Attorney, either in her opening statements or at the close of the case in her final argument, are not evidence in this case?
“15. Do you think that a person being charged with a crime makes that person guilty of the crime?
“16. If the Defendant were to testify, would you give his testimony the same weight and credibility as you would give any other witness?
“17. If you came to the conclusion that the prosecution had not proven the guilt of the Defendant in your mind beyond a reasonable doubt, and you found that a majority of the jurors believe that the Defendant was guilty, would you change your verdict only because you were in the minority?”
Code of Alabama (1975), § 12-16-6, provides as follows: “It is the duty of the court, before administering the oath prescribed by law to any grand, petit or tales jurors, to ascertain that such juror possesses the qualifications required by law, and *795 the duty required of the court shall be considered imperative.”
As this Court held in Griffin v. State, 383 So.2d 873 (Ala.Cr.App.), writ denied, 383 So.2d 880 (Ala.1980):
“[T]here can be little doubt as to the law that has prevailed for many years in Alabama to the effect that in the process of selecting the jury from the venire afforded, each party has the right to have questions formulated by it propounded to the jury, either by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or interest or bias on the part of prospective jurors.”
Id. at 876.
In Dawkins v. State, 455 So.2d 220 (Ala.Cr.App.1984), this Court held:
“The legal standard to be applied as regards voir dire questioning of the ve-nire is the sound discretion of the court. The court determines how far counsel may go in asking questions of the jury on voir dire. The nature, the variety, and the extent of the questions are left to the trial court....”
Id. at 222.
The record of this case includes only those questions formulated by the appellant that were asked by the court on voir dire, or which the court refused; it does not include a transcription of the actual voir dire examination conducted by the court. While questions 5, 12, 15, and 17 may be proper for voir dire purposes, we are unable to determine whether the court itself made inquiries into these cases, and we cannot assume that it did not.
“When the record is silent on whether or not the trial judge ascertained the qualifications of the jurors as required by Sections 12-16-6 and -60, this Court presumes the trial judge did his duty and did it correctly. The silence of the record raises no presumption of error....” (citations omitted)
Williams v. State, 461 So.2d 834, 838 (Ala.Cr.App.1983), rev’d on other grounds, 461 So.2d 852 (Ala.1984). As to questions 14 and 16, these questions encroached upon the oral charge of the trial judge, and were therefore properly refused. Jennings v. State, 513 So.2d 91, 94-95 (Ala.Cr.App.1987); Peoples v. State, 375 So.2d 561 (Ala.Cr.App.1979); Radford v. State, 348 So.2d 880, 885 (Ala.Cr.App.1977).
For the foregoing reasons, the judgment of the trial court is correct and is due to be affirmed.
AFFIRMED.
All Judges concur.