BOWEN, Judge.
Birmingham Police Officer Bob Howell was convicted of the misdemeanor offense of tampering with governmental records, in violation of Ala.Code 1975, § 13A-10-12. He was sentenced to 240 hours of community service and was fined $50. This appeal is from that conviction.
I.
Howell argues that the pretrial publicity surrounding the charged offense was so extensive and prejudicial that he could not receive a fair trial in Jefferson County and that his motion for a change of venue should have been granted.
The charged offense occurred on July 5, 1990, and involved the alleged attempt to “cover up” the arrest of Erica Arrington, the daughter of the mayor of the City of Birmingham. Howell and three alleged accomplices were indicted on December 10, 1990. A motion for change of venue was filed on July 17, 1991. A hearing was held on that motion on August 1, 1991. The transcript of that hearing is not contained in the record on appeal.
Howell was first placed on trial on September 9, 1991. However, a mistrial was declared on September 13, 1991, when the jury was unable to reach a verdict. There is no indication in the record that the motion for change of venue was refiled before Howell’s second trial began on December 13, 1991.
Although “[t]he proper manner for ascertaining whether adverse publicity may have biased the prospective jurors is through the voir dire examination,” Anderson v. State, 362 So.2d 1296, 1299 (Ala.Cr.App.1978), only portions of the voir dire of the jury venire are contained in the record on appeal. There is nothing in the record to indicate that any veniremember had a fixed opinion of Howell’s guilt.
“An accused is entitled under § 15-2-20 to a change of venue if he can demonstrate that he cannot receive a fair trial in the county where he is to be tried. It is well established in Alabama, however, that the existence of pretrial publicity, even if extensive, does not in and of itself constitute a ground for changing venue and thereby divesting the trial court of jurisdiction of an offense.... In Nelson v. State, 440 So.2d 1130 (Ala.Cr.App.1983), the Court of Criminal Appeals correctly noted that jurors do not have to be totally ignorant of the facts and issues involved in a particular case in order to reach an unbiased verdict.
*137 Quoting Irvin v. Dowd, 366 U.S. 717, 722-23, 81 S.Ct. 1639, 1642-43, 6 L.Ed.2d 751, 756 (1961), the court further noted:
“ ‘ “In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, arid scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror’s impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.” ’
440 So.2d at 1131. To satisfy her burden of proof in the present case, [the defendant] had to establish that prejudicial pretrial publicity has so saturated Lamar County as to have a probable prejudicial impact on the prospective jurors there, thus rendering the trial setting inherently suspect. This required a showing that a feeling of deep and bitter prejudice exists in Lamar County as a result of the publicity. Holladay v. State, 549 So.2d 122 (Ala.Crim.App.1988), aff'd Ex parte Holladay, 549 So.2d 135 (Ala.1989), cert. denied, 493 U.S. 1012, 110 S.Ct. 575, 107 L.Ed.2d 569 (1989).
“Whether to change venue is discretionary with the trial judge. Mathis v. State, 280 Ala. 16, 189 So.2d 564 (1966), cert. denied, 386 U.S. 935, 87 S.Ct. 963, 17 L.Ed.2d 807 (1967). In determining whether there has been an abuse of that discretion, an appellate court reviews the trial judge’s order de novo, without any presumption in favor of that order.”
Ex parte Fowler, 574 So.2d 745, 747-48 (Ala.1990). “When the defendant applies for a change of venue, it is his burden to show to the reasonable satisfaction of the court that an impartial trial and an unbiased verdict cannot be reasonably expected in [the county in which the defendant is to be tried].” Sprinkle v. State, 368 So.2d 554, 558 (Ala.Cr.App.1978), writ quashed, 368 So.2d 565 (Ala.1979).
Unquestionably, there was extensive publicity surrounding the attempted cover-up of the arrest of the mayor’s daughter. Some of that publicity was sensational and undoubtedly prejudicial. However, of the four police officers indicted for tampering with governmental records in this matter, only two were convicted. Howell was convicted on December 18, 1991. The former chief of police, Arthur Deutcsh, was convicted on May 24, 1991. Officer Mike Lee was acquitted on August 5, 1991. Assistant jail administrator Robert Stone was also acquitted. See Deutcsh v. State, 610 So.2d 1212, 1224 nn. 9 and 11 (Ala.Cr.App.1992). Furthermore, Howell was convicted only after the jury in his first trial had been unable to reach a verdict.
In consideration of these facts, this Court must conclude that Howell has failed to show that there existed actual prejudice against him or that the community was saturated with prejudicial publicity. See Ex parte Grayson, 479 So.2d 76, 80 (Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985). “The relevant question is not whether the community remembered the case, but whether the jurors at [the defendant’s] trial had such fixed opinions that they could not judge impartially the guilt of the defendant.” Patton v. Yount, 467 U.S. 1025, 1035, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984).
II.
Howell contends that the trial court abused its discretion in allowing the prosecutor to ask the jury venire a hypothetical question on voir dire:
“MR. BROWN [deputy district attorney]: Let me put this in sort of a hypothetical sense and see if this will help a little bit more. Suppose the president of a corporation ordered the chief financial officer, the treasurer, to falsify income statements to avoid paying income tax—
*138 “MR. JOHNSON [defense counsel]: I object to that, that’s not the case here. He is going far afield of what the evidence will be.
“THE COURT: I don’t think he proposes that it embodies—
“MR. JOHNSON: I understand that, Judge.
“THE COURT: — the theory of the State’s case—
“MR. JOHNSON: — he is making statements, number one, about the legality or illegality of what was done, it invades the province of the jury. And now he is going far afield with—
“THE COURT: Well, try to tone it down some, Roger, if you can.
“MR. BROWN: I don’t suggest to you ladies and gentlemen that this particular question has anything to do with the facts in this case. I am trying to put it in a hypothetical sense far removed from this case so my question will make sense.
“The president of a corporation orders the treasurer to falsify the financial records in order to avoid income tax liability and the IRS caught them. Is there anyone who thinks the treasurer shouldn’t be held responsible because he was ordered to do it by the president?
“MR. JOHNSON [defense counsel]: That has absolutely nothing to do with the facts in this case, very far afield—
“THE COURT: Roger has made his clarifying remarks and I will give you just as much latitude. Overruled.” R. 5-7.
“[T]he use of hypothetical questions is of doubtful propriety certainly where one aspect of the putative evidence is singled out to probe for a sympathetic commitment as much as to explore for an impartial mind.” Ward v. State, 44 Ala.App. 229, 253, 206 So.2d 897, 921 (1966), cert. denied, 281 Ala. 650, 206 So.2d 922 (1967). “[Questions that border on argument should be avoided while prospective jurors are being interrogated by the parties during the process of the selection of a jury.” Peoples v. State, 375 So.2d 561, 563 (Ala.Cr.App.1979). On voir dire, “[a] party may not ... solicit a promise to return a particular verdict.” Ford v. State, 515 So.2d 34, 45 (Ala.Cr.App.1986), affirmed, 515 So.2d 48 (Ala.1987), cert. denied, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988).
The particular question in this case is not subject to these defects to the extent that the mere asking of the question requires a reversal of Howell’s conviction. “ ‘Although occasional decisions indicate disapproval of all hypothetical questions to jurors, it is generally agreed that the mere fact that a question is hypothetical does not make it improper.’ ” Ward, 44 Ala.App. at 253, 206 So.2d at 921.
“In selecting a jury for a particular case, ‘the nature, variety, and extent of the questions that should be asked prospective jurors’ must be left largely within the sound discretion of the trial court. Peoples v. State, 375 So.2d 561 (Ala.Cr.App.1979). In other words, the scope of the voir dire examination of the jury venire is within the broad discretion of the trial court.”
Bracewell v. State, 447 So.2d 815, 821 (Ala.Cr.App.1983), affirmed, 447 So.2d 827 (Ala.), cert. denied, 469 U.S. 980, 105 S.Ct. 382, 83 L.Ed.2d 318 (1984).
We agree with defense counsel that the prosecutor’s hypothetical question was “far afield.” However, the question is not inherently prejudicial. Furthermore, the prosecutor himself explained to the venire-members that the question had nothing to do with the facts in this ease, and the trial judge expressed a similar sentiment. Consequently, we find no abuse of discretion by the trial court in allowing the question to be asked.
“[A] trial lawyer [has] a broad right to question prospective jurors as to any matter which might aid him in the intelligent exercise of his right to peremptory challenges.... The examination is not confined to matters which disqualify a juror, but extends to any matter which might tend to affect the verdict.... The scope of the examination is left largely to the discretion of the trial judge.”
Alabama Power Company v. Bonner, 459 So.2d 827, 831-32 (Ala.1984), overruled as to the injection of insurance, Cooper v. *139 Bishop Freeman Co., 495 So.2d 559 (Ala.1986).
III.
The prosecution presented evidence that tended to prove the existence of a conspiracy between Chief Deutcsh, jail administrator Stone and police officers Howell and Lee. Birmingham Police Department employee Jackie Adley was properly allowed to testify as to statements made by Officer Lee in furtherance of that conspiracy. “Where proof of a conspiracy exists, any act or statement by an accused’s co-conspirator in the commission of the crime, done or made before the commission of the crime, during the existence of the conspiracy and in the furtherance of a plan or design, is admissible against the accused.” Deutcsh v. State, 610 So.2d 1212, 1222 (Ala.Cr.App.1992) (quoting C. Gamble, McElroy’s Alabama Evidence § 195.03(1) (4th ed. 1991)).
Furthermore, Howell could properly be convicted of the substantive offense of tampering with governmental records on proof that he was an accomplice or a cocon-spirator even though conspiracy was not charged in the indictment.
“Title 14, Section 14, Code, [see Ala.Code 1975, §§ 13A-2-20 and 23] authorizing conviction of the substantive crime charged on proof that the accused aided and abetted in its commission, is not vio-lative of the provisions of Section 6 of our state constitution which provides that ‘in all criminal prosecutions the accused has a right to * * * demand the nature and cause of the accusation.’ ...
“... ‘An aider and abettor may be indicted directly with commission of the substantive crime, and such a charge may be supported by proof that he only aided and abetted in its commission. Nassif v. United States, 370 F.2d 147 (8th Cir.1966). One need not be charged as an aider and abettor to be held as one. Yeloushan v. United States, 339 F.2d 533 (5th Cir.1964)....’”
Watkins v. State, 357 So.2d 156, 159 (Ala.Cr.App.1977), cert. denied, 357 So.2d 161 (Ala.1978). A conviction under an indictment charging a substantive offense on proof showing complicity does not constitute an amendment of the indictment.
“A conviction of one charged in the indictment with having been the actual perpetrator of a crime is authorized on proof of a conspiracy or that the accused aided or abetted in the commission of the crime. Stokley v. State, 254 Ala. 534, 49 So.2d 284 (1950). An aider and abettor may be indicted directly with the commission of the substantive crime and the charge may be supported by proof that he only aided and abetted in its commission. Pope v. State, 365 So.2d 369 (Ala.Cr.App.1978).”
Killough v. State, 438 So.2d 311, 323 (Ala.Cr.App.1982), reversed on other grounds, 438 So.2d 333 (Ala.1983). See also Chisler v. State, 553 So.2d 654, 664-667 (Ala.Cr.App.1989), cert. denied, 495 U.S. 961, 110 S.Ct. 2572, 109 L.Ed.2d 753 (1990), in which this Court distinguished complicity, or accomplice liability, and conspiracy, and held that there is no material variance between an indictment charging the defendant with aiding and abetting and proof showing that the defendant committed the substantive offense.
IY.
Howell claims that he is a victim of selective prosecution because at least four employees of the Birmingham Police Department who actually altered or removed the records were not indicted. Although defense counsel made this argument at trial, the trial court never specifically ruled upon this issue. See R. 11-12, 344-51. “Without an adverse ruling by the trial court, there is nothing for this Court to review.” Hammond v. State, 502 So.2d 843, 845 (Ala.Cr.App.1986), cert. denied, 482 U.S. 917, 107 S.Ct. 3193, 96 L.Ed.2d 681 (1987).
In addition, this argument was first advanced after the jury had been selected and impaneled. The defense of discriminatory prosecution should be raised “at or before arraignment or by such later date as may be set by the court.” Rule 16.3(a)(1), *140 A.R.Crim.P.Temp. (now Rule 15.3(a)(1), A.R.Crim.P.); Annot., 95 A.L.R.3d 280, § 2(b) at 289 (1979).
Furthermore, this contention is without merit. Marion Owens removed Miss Arrington’s name from the fingerprint log. Dianne Brown deleted a computer reference file. Janice Brown rewrote the docket sheet at Howell’s request. Jackie Adley removed documents relating to Miss Arrington’s arrest. These individuals were not police officers and were not indicted. The “grand jury blotter sheet” reflects that no member of the grand jury that returned the indictments against Howell, Lee, Stone, and Deutcsh voted to indict Owens or Janice or Dianne Brown. The blotter sheet does not mention Adley.
“The essential elements of a claim of discriminatory enforcement are (1) that there was in fact some selectivity in enforcement, (2) that the selectivity was intentional, and (3) that the selectivity was based on some invidious or unjustifiable standard. 13 Am.Jur. POF2d 609 at 624-625 (1977). The burden resting upon a party seeking to prove unconstitutionally discriminatory enforcement of the law is a heavy one.
“ ‘Although there are no clear standards of the quantum and type of proof which are regarded sufficient to show discrimination, there are certain elements which must generally be proved, regardless of the procedure whereby the contention of discrimination may be raised, in order for the contention to succeed. It is insufficient merely to show that other offenders have not been prosecuted, or that there has been laxity of enforcement, or that there has been a conscious exercise of selectivity in enforcement, but there must be sufficient evidence presented to establish the existence of intentional or purposeful discrimination which is deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.’ 4 A.L.R.3d 404 at 410 (1965).”
Thigpen v. State, 374 So.2d 401, 404 (Ala.Cr.App.), cert. denied, 374 So.2d 406 (Ala.1979). See also Annot., 95 A.L.R.3d 280 (1979). Here, Howell has simply failed to show that he has been deliberately singled out for prosecution on the basis of some invidious or arbitrary and unjustifiable criterion. See People v. Tallagua, 174 Cal.App.3d 145, 150-51, 219 Cal.Rptr. 754, 757 (1985) (where deputy sheriff falsified arrest report and testified falsely at preliminary hearing, and his partner thereafter corroborated these lies in court but subsequently confessed that he had given perjured testimony, decision to prosecute deputy but not partner did not constitute unconstitutional enforcement).[1] As Howell has noted, “The four males charged with tampering with government records were all ranking officers in the Birmingham Police Department and all allegedly ordered Janice Brown, Dianne Brown, etc. to give them records of Erica Arrington’s arrest.” Appellant’s brief at 10-11.
“Mere failure to punish other offenders by itself is no basis for a holding that there was a denial of equal protection. Moss v. Hornig, 314 F.2d 89, 92 (2d Cir. [1963]). Indeed, it may be altogether appropriate to pick out one, or a number of offenders, from a group whose conduct or position is such that a striking example of them can be made ‘in the *141 expectation that general compliance will follow and that further prosecutions will be unnecessary.’ People v. Utica Daw’s Drug Co., 16 A.D.2d 12, 21, 225 N.Y.S.2d 128, 136 [ (1962) ]. Hanley, as the principal public figure involved in the case before us, certainly has no standing to complain of his indictment under any of these standards, especially since he was not the only public official against whom indictments were returned.”
Commonwealth v. Beneficial Finance Company, 360 Mass. 188, 275 N.E.2d 33, 132 (1971), cert. denied, 407 U.S. 910, 92 S.Ct. 2433, 32 L.Ed.2d 683 (1972).
V.
Howell objects to the prosecutor’s closing argument concerning the fact that Howell, Lee, and Stone were indicted but that other people were not. In response to defense counsel’s objection, the trial judge stated, “Well, I think some response is necessary perhaps in response to the query that you posed.” R. 384-85. The entire argument of each party is not contained in the record.
“The ‘reply in kind’ doctrine is based on fundamental fairness. Where counsel for one party permits counsel for the opposing party to make impermissible remarks without interposing an objection, the law implicitly reserves to the former the right to reply in kind, albeit equally impermissible, to the argument of the latter.”
Ex parte Rutledge, 482 So.2d 1262, 1264 (Ala.1984).
VI.
Howell argues that the evidence does not support his conviction. Although it does appear that defense counsel made two motions for a judgment of acquittal, see R. 343 and 397, the grounds for those motions are not apparent.
Howell was convicted for a violation of Ala.Code 1975, § 13A-10-12(a)(2), which states: “A person commits the crime of tampering with governmental records if ... [kjnowing he lacks the authority to do so, he intentionally destroys, mutilates, conceals, or removes or otherwise substantially impairs the verity or availability of any governmental record.”
The evidence shows that, in connection with the particular records alleged to have been tampered with, Howell was instrumental in having Janice Brown completely rewrite a docket sheet to exclude any reference to Miss Arrington’s arrest; having Dianne Brown delete a computer reference file to that arrest; obtaining Miss Arrington’s fingerprint card from Marion Owens and having her “line through” Miss Arrington’s name on a fingerprint log; and in obtaining the prints and negatives of Miss Arrington’s booking photograph. In Deutcsh v. State, supra, this Court set out the principles for reviewing a conviction based on circumstantial evidence involving this same alleged “cover-up.” Applying those principles to the particular facts presented in this case, we find that the question of Howell’s guilt or innocence was properly submitted to the jury and that the evidence is sufficient to support his conviction. In reaching this conclusion we rely solely upon the facts presented at Howell’s second trial and contained in the record before this Court. See Ex parte Cade, 521 So.2d 85, 86-88 (Ala.1987), cert. denied, 488 U.S. 871, 109 S.Ct. 184, 102 L.Ed.2d 153 (1988). Here, the principal question the jury had to decide was whether Howell was acting as part of a conspiracy to conceal and substantially impair the availability of the records concerning the fact of Miss Arrington’s arrest or whether he was merely carrying out a factfinding mission authorized by and pursuant to orders from the chief of police.
The fact that the records were replaced and made available to news reporters only hours after they had been removed presented a question for the jury as to the intent of the initial removal. As we noted in Deutcsh, supra, § 13A-10-12(a)(2) does not condemn the mere removal, alteration, or concealment of a governmental record. “Under this subsection, the intentional destruction, mutilation, concealment, or removal of a governmental record is criminal only if such action ‘substantially impairs *142 the verity or availability’ of the record.” 610 So.2d at 1220 (emphasis in original).
The contention that Howell is not guilty because he did not know what he did was a criminal offense is without merit. “Ignorance of the law is no excuse. Citizens are deemed to have constructive knowledge of the law.” Grantham v. State, 540 So.2d 775, 777 (Ala.Cr.App.1987), reversed on other grounds, 540 So.2d 779 (Ala.1988). One witness testified that she questioned the propriety of Howell’s actions. Furthermore, it is no defense that a defendant “was only doing what he was ordered to do by his employer, and that his job depended upon his obedience to [those] orders” where the “orders” involved the commission of a crime. Moore v. State, 23 Ala.App. 432, 433, 127 So. 796 (1929), cert. denied, 221 Ala. 50, 127 So. 797 (1930). “[T]he threat that he would lose his job was no such duress as the law contemplates as an excuse for crime.” Moore, 23 Ala.App. at 433, 127 So. at 796-97.
Howell has been well represented throughout these proceedings. He received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. "Obviously it was in the best interests of the sheriff, the court and the People of this state to encourage law enforcement officers to admit mistakes, to expose corruption in their ranks and to put the public good before their personal interests. Dismissing the charges against Deputy Alvarez was clearly consistent with the promotion of these interests. Treating Deputy Alvarez the same as defendant would have been antithetical to the public interest. It would have sent an unmistakable message to law enforcement officers that there is nothing to be gained and much to be lost by exposing the perjured testimony of a fellow officer. The extent of police perjury and the means to combat it have received little attention_ Nevertheless no other combination of crime and offender poses a greater threat to the integrity of the rule of law by which we must all be bound if we are to survive as a society. To discourage police perjury and to encourage its being reported when it occurs, the district attorney made the correct decision in the case before us." Tallagua, 174 Cal.App.3d at 151, 219 Cal.Rptr. at 757-58.